UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES L. CHILDRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-1148-SHM-tmp |
| | ) | |
| CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO ADD A DEFENDANT (ECF NO. 2);
MODIFYING THE DOCKET;
DISMISSING AMENDED COMPLAINT (ECF NOS. 1 & 2) WITHOUT PREJUDICE;
GRANTING LEAVE TO AMEND; AND
DENYING PENDING MOTION (ECF NOS. 6 & 7)**

On October 5, 2021, Plaintiff James L. Childress filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.)[1] On October 5, 2021, Childress filed a motion to add the "CoreCivic Medical Department" as a Defendant. (ECF No. 2.) It is not clear from the record why Childress filed a motion to add CoreCivic Medical Department as a party, rather than including CoreCivic Medical Department as a Defendant in the complaint.

On October 5, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.)

---

[1] When Childress filed the complaint, he was confined at the Whiteville Correctional Facility (the "WCF") in Whiteville, Tennessee. (ECF No. 1 at PageID 2.) Childress is presently confined at the WCF. (*See* https://apps.tn.gov/foil/details.jsp.)

The Court GRANTS Childress's motion to add CoreCivic Medical Department as a Defendant, *see* ECF No. 2, because (1) the complaint arises from an alleged September 26, 2020 physical injury to Childress at the WCF, which is managed by CoreCivic[2], and (2) Childress's § 1983 claims have not yet been screened pursuant to the PLRA. The Court (1) incorporates Defendant CoreCivic Medical Department into Childress's initial pleading; and (2) screens Childress's filings, *see* ECF Nos. 1 & 2, as an amended pleading (ECF Nos. 1 & 2 (the "Amended Complaint")). No Defendant suffers unfair prejudice because no Defendant has been served with the initial complaint or filed a response to it.

The Clerk shall modify the docket to add CoreCivic Medical Department as a Defendant. (*See* ECF No. 2.)

The Amended Complaint alleges that, after being assigned to a ladder-less top bunk fifty-eight inches from the floor, Childress slept on the floor during unspecified dates because of his difficulty accessing the bunk. (ECF No. 1 at PageID 4.) Mrs. Bills told Childress that he would be "wr[itten] up and put out of the TCOMP program" if Childress continued to sleep on the floor. Not wanting to lose program participation, Childress used the bunk. On September 26, 2020, Childress "fell and broke my right foot in the big toe area and severely sprained my left ankle/foot" as he tried to exit the bunk (the "Incident"). (*Id.*) The "Whiteville Medical Staff … looked at" Childress's foot when he obtained a verbal medical pass nine days later. (*Id.* at PageID 2, 3 & 4.) The Whiteville Medical Staff performed an x-ray seven days after that.[3] (*Id.* at PageID 4.) Thirty-

---

[2] Although it is part of the Tennessee Department Of Correction's (the "TDOC") system, "Whiteville Correctional Facility is ... managed by CoreCivic, a private corrections management firm." *See* www.tn.gov/correction/sp-state-prison-list/whiteville-correctional-facility.html. All of Childress's § 1983 claims against the WCF are considered claims against CoreCivic itself. *See, e.g.*, *Talley v. McKinney*, No. 20-1118-JDT-cgc, 2021 WL 1254681, at *1 n.2 (W.D. Tenn. Apr. 5, 2021).

[3] The Amended Complaint alleges that "medical person[n]el[] [sic] refuse[d] to see" Childress on three occasions, *see* ECF No. 1 at PageID 3, but it is not clear from the Amended Complaint when the alleged refusals occurred.

two days after the Incident, Childress was taken to an outside physician because the x-ray "was positive." (*Id*.) The physician told Childress that the injured area "had set up and not good." (*Id*.) Childress's right toe "no longer bends," and his left foot "stays a purple tint and sore." (*Id*.) Childress experiences discomfort when wearing shoes. (*Id*.) Childress unsuccessfully grieved the Incident. (*Id*. at PageID 2.)

The Amended Complaint sues: (1) CoreCivic; (2) Warden Samuel Rodgers; (3) the WCF; and (4) CoreCivic Medical Department. (ECF No. 1 at PageID 1 & 4; ECF No. 2.) Childress seeks: (1) compensatory damages to receive foot care from an outside orthopedic physician; or (2) injunctive relief for CoreCivic "to fix my feet proper to the best of the doctors['] ability." (ECF No. 2 at PageID 11.)

On April 15, 2022, Childress filed a motion for extension of time to proceed in this Court without prepayment of fees or costs. (ECF No. 6.) Childress included an affidavit to support his claim of indigency. (ECF No. 7.)

For the reasons explained below: (1) the Amended Complaint (ECF Nos. 1 & 2) is DISMISSED WITHOUT PREJUDICE in its entirety; (2) leave to amend is GRANTED under the conditions described; and (3) Childress's motion to proceed *in forma pauperis* is DENIED as moot because the Court granted leave to proceed *in forma pauperis* on October 5, 2021. (ECF No. 5.)

## I.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations that make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. A plaintiff's statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Courts screening cases will accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

4

However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells,* 891 F.2d at 594. A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell,* 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft,* 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford,* 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). District Courts are also not "required to create" a *pro se* litigant's claim for him. *Payne v. Secretary of Treasury,* 73 F. App'x 836, 837 (6th Cir. 2003).

II.     **ANALYSIS**

Childress sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 2.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

A.     **Claim Against CoreCivic Medical Department**

Childress names "CoreCivic Medical Department" as a Defendant. (ECF No. 2 at PageID 7.) It does not appear that Childress is attempting to name an unknown defendant who is a member of the CoreCivic Medical Department because Childress names specific persons elsewhere in the Amended Complaint. (*See*, *e.g.,* ECF No. 1 at PageID 4 (naming Warden Rodgers as a Defendant).)

Collective liability -- *i.e.,* when claims are brought against persons such as a "medical department" -- is not permitted under § 1983. Suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *Binay v. Bettendorf,* 601 F.3d 640, 650 (6th Cir. 2010) (personal involvement of defendants in alleged

5

constitutional deprivations is a prerequisite to a finding of liability under § 1983 because "each defendant's liability must be assessed individually based on his own actions"). A group of people, such as a "medical department," is not a "person" subject to suit pursuant to § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983"); *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019) ("the Jail's correctional staff and medical staff are not corporate or political entities and are therefore not subject to suit under § 1983") (internal citations omitted).

Childress's claim against the "CoreCivic Medical Department" insufficiently alleges a claim to relief and is DISMISSED WITHOUT PREJUDICE.

### B. Claim Against Whiteville Correctional Facility

Childress names the WCF as a Defendant. (ECF No. 1 at PageID 1.) Childress's suit against the WCF is not well taken.

Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). The Court construes Childress's claim against the WCF as a claim against CoreCivic. *See infra*.

The Amended Complaint's claim against the WCF is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### C. Claims Against CoreCivic And Against Warden Rodgers In His Official Capacity

Childress's § 1983 claim against the WCF is considered a claim against CoreCivic itself. *See Talley*, 2021 WL 1254681, at *1 n.2. To the extent Childress asserts a claim against Warden Rogers in Rodgers's official capacity, that claim is considered a claim against Rodgers's employer, CoreCivic. *See Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) (relying on *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

CoreCivic is a private company that manages the WCF, which houses inmates in the custody of the TDOC. (*See* https://www.tn.gov/correction/sp/state-prison-list/whiteville-

6

correctional-facility.html.)  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners.  *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).

CoreCivic "cannot be held liable under a theory of *respondeat superior.*"  *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  To prevail on a § 1983 claim against CoreCivic, Childress "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of Childress's rights.  *Id.*  The Amended Complaint does not allege the Defendants' actions were taken pursuant to an unconstitutional policy or custom of CoreCivic that was the "moving force" behind any violation of Childress's constitutional rights.  (*See* ECF No. 1 at PageID 4; ECF No. 2 at PageID 8.)

Even if the Court liberally construes the Amended Complaint as alleging a CoreCivic policy of not providing ladders for top bunks at the WCF, *see* ECF No. 1 at PageID 4, the Amended Complaint insufficiently alleges facts stating a cognizable claim against CoreCivic.  Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria: (1) The conditions "must be, objectively, sufficiently serious," such that a "prison official's act or omission ... result[s] in the denial of the minimal civilized measure of life's necessities," *see Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citations and internal quotation marks omitted); and (2) The official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases ... is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted).  "[T]he official must both be aware of facts from which the inference

7

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Childress alleges constitutional deprivation from his bunk's lack of a ladder. Childress seems to invite the Court to infer that a ladder could have prevented the Incident. (ECF No. 1 at PageID 4.) Courts faced with similar allegations have held that the absence of a ladder for a top bunk does not create an actionable condition. *See, e.g., Brown v. Pastrana,* 446 F. App'x 270, 272 (11th Cir. 2011) (per curiam); *Williams v. Corizon,* No. 122412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013) ("To the extent that Plaintiff attempts to argue that Defendant City of Philadelphia is liable because they did not have ladders for all the bunk beds, such argument fails, since that is, at most, negligence, which does not demonstrate the requisite culpability for liability to attach"); *Pumphrey v. Smith,* No. 09–233, 2010 WL 4983675, at *4 (W.D. Pa. Dec. 2, 2010) ("The lack of a bunk ladder in a prison cell does not meet the stringent requirements of deliberate indifference"). The Amended Complaint fails to allege sufficient facts demonstrating an Eighth Amendment conditions-of-confinement claim to relief against CoreCivic or against Warden Rodgers in his official capacity.

Alternatively, if the Court liberally construes the Amended Complaint as alleging an Eighth Amendment failure-to-protect claim rather than an Eighth Amendment conditions-of-confinement claim, the result is the same. A prison official violates the Eighth Amendment's proscription against failure-to-protect inmates only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Farmer*, 511 U.S. at 834. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citation omitted). The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. *Farmer,* 511 U.S. at 834. A

8

plaintiff must allege sufficient facts showing that defendants "[knew] of and disregard[ed] an excessive risk to [the plaintiff's] health ..." *Farmer,* 511 U.S. at 837. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Childress alleges only that he suffered injury because of his bunk's lack of ladder. Childress does not allege that, before the Incident, Defendants were aware of a substantial risk particularly posed to Childress's safety. The Amended Complaint fails to allege facts demonstrating an Eighth Amendment failure-to-protect claim to relief against CoreCivic or against Warden Rodgers in his official capacity.

The Amended Complaint's claims against CoreCivic and against Warden Rodgers in his official capacity are DISMISSED WITHOUT PREJUDICE for failure to state claims to relief.

### D. Claim Against Warden Rodgers In His Individual Capacity

Childress names Warden Rodgers as a Defendant. (ECF No. 1 at PageID 4.) Childress does not allege how Rodgers played a role in the Incident. (*See id*. at PageID 2-4.) Under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Childress does not sufficiently plead a claim against Warden Rodgers in Rodgers's individual capacity.

The Amended Complaint's claim against Warden Rodgers is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### E. Claim For Inadequate Medical Care

Childress alleges that Defendants did not visually examine his right foot until nine days after the Incident, and that Defendants did not perform an x-ray of Childress's foot until seven days after the visual exam. (ECF No. 1 at PageID 4.) Thirty-two days after the Incident, Defendants took Childress to an outside medical facility, where he learned his foot had healed

improperly. (*Id.*) Childress's right toe "no longer bends," and his left foot "stays a purple tint and sore." (*Id.*) Childress experiences discomfort when wearing shoes. (*Id.*)

The Court reviews claims about the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson*, 501 U.S. at 297. Under *Estelle*, 429 U.S. 97, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Eighth Amendment claims have both objective and subjective components. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of a medical care claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). The subjective component requires that jail officials acted with the requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show officials' "deliberate indifference" to a substantial risk of serious harm). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth

10

Amendment unless the official subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards it. *Id.* at 837.

"Courts have found, as a matter of law, a broken foot constitutes a serious injury." *Allen v. Blackwelder*, No. 4:15-cv-44, 2017 WL 1066643, at *2 (E.D. Tenn. Mar. 21, 2017) (internal citation omitted). Childress's allegation that he "broke [his] right foot in the big toe area," *see* ECF No. 1 at PageID 4, constitutes a serious medical need and satisfies the Eighth Amendment's objective component. Childress alleges that an x-ray sixteen days after the Incident was "positive." (*Id.*) Liberal construction of that allegation in Childress's favor for screening purposes plausibly suggests that the x-ray confirmed Childress's right foot was broken. (*Id.*) The Amended Complaint satisfies the Eighth Amendment's objective prong.

Childress does not, however, allege sufficient facts demonstrating that Defendants were deliberately indifferent to Childress's serious medical need. Childress does not allege that he notified anyone of his injury when the Incident occurred. (*See id.* at PageID 4.) It is unclear from the Amended Complaint when Childress subsequently submitted a sick call about the Incident. Childress alleges that his "sick call and emergency sick call were not answered." (*Id.* at PageID 2.) He simultaneously alleges that "medical personnel refuse[d] to see me on 3 occasions without [a] sick call [request]." (*Id.* at PageID 3.) If, as Childress seems to allege, he had submitted a sick call request shortly after the Incident, *see id.* at PageID 2, there would have been a pending sick call request when Childress sought care, *see id.* at PageID 3. It is not the province of the Court to resolve the Amended Complaint's factual inconsistency in Childress's favor. *See Payne,* 73 F. App'x at 837 (District Courts are not "required to create" a *pro se* litigant's claim for him); *see also Pliler,* 542 U.S. at 231.

The inconsistency in the Amended Complaint does not preclude PLRA screening of Childress's claims. The dispositive issue for screening is that the Amended Complaint does not allege that Childress requested treatment from, or was denied treatment by, a particular Defendant.

11

Because the Amended Complaint does not allege that a specific Defendant subjectively knew of Childress's injury from the Incident and disregarded that injury's health risks to Childress, the Amended Complaint does not demonstrate that any of the Defendants had a sufficiently culpable state of mind because the Defendant was deliberately indifferent to Childress' injury. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-03. The Amended Complaint does not satisfy the Eighth Amendment's subjective prong.

For these reasons, the Amended Complaint's inadequate medical care claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

### F. Claims That Arose More Than One Year Before The Filing Of The Complaint

A § 1983 action brought in a federal court in Tennessee is subject to a one-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); Tenn. Code Ann. § 28-3-104; *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *see Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citation omitted), or when the cause of action is complete. *See, e.g., Dibrell v. City of Knoxville, Tennessee*, 948 F.3d 1156,1162 (6th Cir. 2021).

The Incident occurred on September 26, 2020. (ECF No. 1 at PageID 4.) Under a liberal construction of Childress's allegations, the latest-occurring date in the Amended Complaint is October 28, 2020, *i.e.*, thirty-two days after the Incident -- when Childress discovered, from an outside physician, the extent of Childress's foot injuries. (*See id*.) To the extent a liberal construction about discoverability is warranted if this case proceeds, Childress's claims that arose

more than one year before the date the complaint was filed are barred by the statute of limitations.[4] That date cannot be determined with precision on the present record.

### III.  AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

---

[4] For purposes of this Order, the Court treats October 5, 2021, as the date on which Childress would have signed the complaint. (*See* ECF No. 1 at PageID 1.)  In *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), the U.S. Supreme Court adopted the mailbox rule for federal *pro se* prisoner filings.  Under *Houston*, the date on which a prisoner provides a pleading to prison authorities for mailing is treated as the filing date.  Childress did not sign his complaint or otherwise indicate therein the date on which Childress gave it to WCF personnel to mail.  Because Childress is appearing *pro se*, the Court liberally treats October 5, 2021 as the complaint's filing date for screening purposes only.

Childress's failure to sign the complaint is a violation of Fed. R. Civ. P. 11, which requires that each unrepresented party must personally sign "[e]very pleading, written motion, and other paper."  Fed. R. Civ. P. 11(a).  If Childress decides to amend his claims and fails to sign his amended pleading, the Court will summarily dismiss the amended pleading for failure to comply with the Federal Rules of Civil Procedure.

13

The Court grants Childress leave to amend within twenty-one (21) days of the date of this Order, and under the guidelines that the Court sets forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Childress must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

The Court grants Childress only one opportunity to amend his claims. If Childress fails to amend the Amended Complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## IV.   CONCLUSION

For the reasons explained above:

(1)   Childress's motion to add CoreCivic Medical Department as a Defendant (ECF No. 2) is GRANTED;

(2)   The Amended Complaint (ECF Nos. 1 & 2) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2);

(3)   Leave to amend within twenty-one (21) days of the date of this Order is GRANTED; and

   (4) Childress's motion to proceed *in forma pauperis* (ECF Nos. 6 & 7) is DENIED as moot.

  IT IS SO ORDERED, this 20th day of April, 2022.

                /s/ Samuel H. Mays, Jr.
                SAMUEL H. MAYS, JR.
                UNITED STATES DISTRICT JUDGE